UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Steve Lester, | ) C/A No. 6:12-1318-TMC-TER |
|---|---|
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Greenville County of Court House, | ) |
| Defendant. | ) |

Plaintiff, Steve Lester, ("Plaintiff"), is a state prisoner in the Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections ("SCDC") in Pelzer, South Carolina, who is proceeding *pro se* and *in forma pauperis*. Plaintiff brings this action under 42 U.S.C. § 1983,[1] alleging that the Greenville County Courthouse records of his March 12, 1975 criminal proceeding have been changed. Plaintiff seeks monetary damages in the amount of $800,000 and "to get the plea bargain that I was promis[ed] in 1975." ECF No. 1, p. 5. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, *with prejudice*, because it is frivolous and fails to state a claim on which relief may be granted by

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

this Court, and because it is the second complaint filed by Plaintiff in this court in which he has attempted to bring the same claims against the same Defendant.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff alleges that the Greenville County Courthouse records of his March 12, 1975 guilty pleas and sentences for murder and armed robbery have been changed. Plaintiff alleges that he was sentenced by Judge Weatherford to "life and 15 year[s] in 1975" but "they have change[d] my trial sentence by add[ing] more time on my sentence to[] life and 30 years." ECF No. 1, p. 4. Plaintiff also alleges that "they have somebody else['s] name on my indi[ct]ment[,] the name [is] Stanley Taylor of Greenville." ECF No. 1, p. 3. Plaintiff alleges that Defendant has violated the Fourth Amendment and the Fourteenth Amendment and denied due process to him. *See* ECF No. 1, p. 3-4.

Plaintiff seeks "to get the plea bargain that I was promis[ed] in 1975" and "800,000 dollars." ECF No. 1, p. 5. Plaintiff has previously raised these same claims in a § 1983 lawsuit in this court, which was summarily dismissed, without prejudice and without issuance and service of process, on July 14, 2011. *See* Order Ruling on Report and Recommendations, *Lester v. Greenville County Courthouse*, C/A No. 4:11-791-HFF-TER (D.S.C.), ECF No. 24.[2]

**DISCUSSION**

The Greenville County Courthouse is a building complex. Buildings cannot be sued pursuant to 42 U.S.C. § 1983. *See Roach v. West Virginia Reg'l Jail and Corr. Facility*, 74 F.3d 46, 48 (4th Cir. 1996); *Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983.").

It is possible that Plaintiff actually intended to name the Court of General Sessions for Greenville County as a defendant. The Court of General Sessions for Greenville County is a court in the State of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (1989); *Spartanburg County Dept. of Social Services v. Padgett*, 370 S.E.2d 872, 875-76 & n. 1 (1988); and Cort Industries Corp. v. Swirl, Inc., 213 S.E.2d 445, 446 (1975). As part of the State of South Carolina's unified judicial system, the Court of General Sessions for Greenville County is immune from suit under the Eleventh

---

[2] The undersigned takes judicial notice of Plaintiff's prior proceedings in this court. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Plaintiff's claim for monetary damages against Defendant is also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87; *see also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extends to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment).

In the instant case, Plaintiff's allegations that Defendant changed Plaintiff's court records to add fifteen additional years to his sentence clearly imply the invalidity of Plaintiff's imprisonment. A judicial determination in Plaintiff's favor and an award of monetary damages in this case would necessarily imply that Plaintiff's present confinement is illegal. However, Plaintiff does not allege that he has successfully challenged the lawfulness of his confinement subsequent to his 1975 convictions.[3] Therefore, Plaintiff cannot allege the necessary element of the illegality of his state court convictions, he cannot show a constitutional injury, and he cannot state a cognizable § 1983 claim against Defendant. Because Plaintiff's murder and armed robbery convictions have not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, under *Heck v.*

---

[3] Plaintiff alleges that he is an inmate in SCDC's PRI (SCDC ID No. 75259). *See* Complaint, III. Parties, ¶ A; ECF No. 1, p. 2. The undersigned takes judicial notice of SCDC's Incarcerated Inmate Search website, which indicates that Plaintiff is serving a life sentence for murder, having been committed to SCDC from Greenville County, with an admission and sentence start date of March 12, 1975. *See* https://sword.doc.state.sc.us/scdc-public/ (last visited May 23, 2012). *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating). As noted above, the undersigned also takes judicial notice of Plaintiff's prior proceedings in this court, which indicate that, on March 12, 1975, Plaintiff pled guilty in Greenville County General Sessions Court to murder and two armed robberies and was sentenced to fifteen (15) years for armed robbery on 75-GS-23-427, a consecutive fifteen (15) years for armed robbery on 75-GS-23-429, and a life sentence for murder. *See* Order, *Lester v. State of South Carolina*, 4:99-3122-CWH (D.S.C.) ECF No. 33. In C/A No. 99-3122, Plaintiff's § 2254 habeas petition challenging these convictions and sentences was dismissed with prejudice and the respondent's motion for summary judgment was granted. This court's judgment was affirmed by the United States Court of Appeals for the Fourth Circuit. *See* C/A No. 99-3122, ECF No. 37, 38. C/A No. 99-3122 was the first of four unsuccessful federal habeas actions filed by Plaintiff. *See also* C/A No. 03-0015; C/A No. 03-3639; C/A No. 06-1035.

*Humphrey*, no civil rights cause of action based on the convictions, sentences, and related matters can be brought under § 1983.[4]

Plaintiff's claim for equitable relief seeking "to get the plea bargain that I was promis[ed] in 1975" may not be pursued in this § 1983 action. The United States Supreme Court has held, in *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. In *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), the Fourth Circuit Court of Appeals affirmed the continued authority of *Preiser* and *Heck* as a bar which precludes a current prisoner, who could otherwise bring a habeas action, from seeking habeas-type relief in a § 1983 action:

> In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), a group of state prisoners filed a § 1983 action alleging that the New York State Department of Correctional Services'

---

[4] The undersigned finds that these claims are barred even though Plaintiff's time for filing for habeas relief has presumably expired under the AEDPA and Plaintiff must obtain authorization from the Fourth Circuit, pursuant to §2244(3)(A) before filing a second/successive § 2254 habeas petition. *See Rogers v. Adams*, 103 F. App'x 63, 64 (8th Cir. 2004) ("[w]e [] conclude that *Heck* bars [§ 1983] claims, even if [the plaintiff's] time for filing a state post-conviction motion has passed."); *Cunningham v. Gates*, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002) (noting *Heck* barred § 1983 claims despite fact that habeas relief was time-barred), cert. denied, 538 U.S. 960 (2003). Plaintiff cannot circumvent his failure to obtain state post-conviction or federal habeas relief by filing a § 1983 claim seeking monetary damages as opposed to release from imprisonment.

> denial of good-time credits violated their constitutional right to due process. The prisoners sought an injunction to force the prison to restore the credits, a remedy which would have reduced the prisoners' sentences. Despite the "literal applicability" of § 1983, the Supreme Court affirmed the district court's dismissal of the claim because the prisoners' "challenge is just as close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Id.* at 489. Because the plaintiffs "sought no [monetary] damages, but only equitable relief-restoration of their good-time credits," *id.* at 494, the Supreme Court expressly limited its holding to the equitable relief sought by the prisoners.

*Wilson*, 535 F.3d at 264. However, when a former prisoner is challenging the validity of his past confinement, and due to his release "would be left without any access to federal court if his § 1983 claim was barred[,]" the Fourth Circuit has allowed the former prisoner's § 1983 claim to proceed. *See Wilson*, 535 F.3d at 268. Here, because Plaintiff remains incarcerated and can still access the federal court to bring a habeas challenge pursuant to § 2241 or § 2254, Plaintiff's claim for equitable relief is not cognizable in this § 1983 action and should be dismissed.

In *Lester v. Greenville County Courthouse*, C/A No. 4:11-791-HFF-TER (D.S.C.), it was explained to Plaintiff that these claims for damages and equitable relief against Defendant did not constitute a cognizable § 1983 action, and Plaintiff's complaint was dismissed without prejudice and without issuance and service of process. *See* C/A No. 11-791, ECF No. 24, 25. Now, Plaintiff has brought the same claims against the same Defendant. Plaintiff may not be precluded from pursuing this duplicative § 1983 action against Defendant by the doctrine of *res judicata*, because his previous case was summarily dismissed *without prejudice*. However, as the Fifth Circuit Court of Appeals stated in *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970), "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."

7

## RECOMMENDATION

Accordingly, for the foregoing reasons, it is recommended that the Complaint in this case be summarily, *with prejudice*. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E, Rogers, III
United States Magistrate Judge

June 7, 2012
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).